| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS MIDLAND/ODESSA DIVISION |
|---|---|

| | |
|---|---|
| STEPHEN MAYO, Individually and On Behalf of All Others Similarly Situated,  §§§§§§§§§§§§ *Plaintiff(s)*,  v.  KAT ENERGY SERVICES, LLC and DARIN HARDING,  *Defendant(s)*. | No.  7:20-cv-00170 |

## PLAINTIFF STEPHEN MAYO'S ORIGINAL COMPLAINT

Plaintiff Stephen Mayo (referred to as "Mayo") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant Kat Energy Services, LLC (referred to as "Kat") and Defendant Darin Harding (referred to as "Harding") who were paid on a day-rate basis without overtime during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1. Mayo's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. Kat and Harding violated the FLSA by employing Mayo and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. Kat and Harding willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

6. Mayo brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Kat and Harding who were paid on a day-rate basis without overtime during the past three years.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8. Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Mayo's claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

### III. Parties

9. Mayo is an individual who resides in Ellis County, Texas and who was employed by Kat during the last three years.

10. Kat is a New Mexico limited liability company that may be served with process by serving its registered agent:

>CR 90 Investments, LLC
>2509 East County Road 90
>Midland, Texas 79706-4324

Alternatively, if the registered agent of Kat cannot with reasonable diligence be found at the company's registered office, Kat may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11. Harding is an individual who resides in Maricopa County, Arizona and who may be served with process at:

>2509 East County Road 90
>Midland, Texas 79706-4324

*See*, Tex. Civ. Prac. & Rem. Code § 17.021.

12. An allegation that Kat committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Kat or was done in the normal course and scope of employment of Kat's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

13. Kat is an oilfield services company.

14. Kat does business in the territorial jurisdiction of this Court.

15. Kat employed Mayo from October 2018 to May 2020.

16. Kat employed Mayo as a solids control technician.

17. Harding was also Mayo's employer—and individually liable to him for the FLSA violations described below—because he: (1) had the authority to hire and fire Kat employees, including Mayo; (2) supervised or controlled Kat employee work schedules or conditions of employment, including Mayo's schedule and/or conditions of employment; (3) determined the rate or method of payment for Kat employees, including Mayo; and/or (4) maintained Kat employee records, including Mayo's records.

18. As a solids control technician, Mayo was responsible for operating and maintaining solids control equipment, which is used to separate solid particles and debris from drilling fluids so that fluids are safe to recycle.

19. During Mayo's employment with Kat, he was engaged in commerce or in the productions of goods for commerce.

20. During Mayo's employment with Kat, the company had employees engaged in commerce or in the production of goods for commerce.

21. During Mayo's employment with Kat, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

22. During Mayo's employment with Kat, the company had an annual gross volume of sales made or business done of at least $500,000.

23. Kat paid Mayo on day-rate basis.

24. Kat paid Mayo on a biweekly basis by direct deposit.

25. During Mayo's employment with Kat, he regularly worked in excess of forty hours per week.

26. Kat knew or should have known that Mayo worked in excess of forty hours per week.

27. Kat did not pay Mayo for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

28. Instead, Kat paid Mayo on a day-rate basis without overtime.

29. Mayo was not exempt from the maximum hour requirements of the FLSA.

30. As a solids control technician, Mayo's primary duties were nonexempt.

31. As a solids control technician, Mayo's primary duties did not include office or nonmanual work.

32. As a solids control technician, Mayo's primary duties were not directly related to the management or general business operations of Kat's or its customers.

33. As a solids control technician, Mayo's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

34. As a solids control technician, Mayo did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

35. As a solids control technician, Mayo was, instead, required to follow Kat's policies, practices and procedures.

36. As a solids control technician, Mayo did not have any independent authority to deviate from Kat's policies, practices and procedures.

37. Kat knew or should have known that Mayo was not exempt from the maximum hour requirements of the FLSA.

38. Kat willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

39. During Mayo's employment with Kat, the company did not maintain accurate time and pay records for Mayo as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

40. During Mayo's employment with Kat, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

41. Kat continued the pay practice(s) complained of by Mayo without investigation after being put on notice that the pay practice(s) violated the FLSA.

42. Kat has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

43. Prior to this lawsuit, Kat conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Mayo.

44. Because Kat willfully violated the FLSA, the company is liable to Mayo for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

45. As a result of the FLSA violation(s) described above, Kat is liable to Mayo for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

46. All employees who were paid on a day-rate basis without overtime employed by Kat during the last three years are similarly situated to Mayo because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Kat and Harding under 29 U.S.C. § 216(b).

## V. Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207

47. Mayo adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

48. During Mayo's employment with Kat, he was a nonexempt employee.

49. As a nonexempt employee, Kat was legally obligated to pay Mayo "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

50. Kat did not pay Mayo "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

51. Instead, Kat paid Mayo on a day-rate basis without overtime.

52. If Kat classified Mayo as exempt from the maximum hour requirements of the FLSA, he was misclassified.

53. As a result of the FLSA violation(s) described above, Kat and Harding are liable to Mayo for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI. Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

54. Mayo adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

55. Kat willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

56. During Mayo's employment with Kat, the company did not maintain accurate time and pay records for Mayo as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

57. During Mayo's employment with Kat, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

58. Kat continued the pay practice(s) complained of by Mayo without investigation after being put on notice that the pay practice(s) violated the FLSA.

59. Kat has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

60. Prior to this lawsuit, Kat conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Mayo.

61. Because Kat willfully violated the FLSA, the company and Harding are liable to Mayo for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII. Count Three—
## Collective Action Allegations Under 29 U.S.C. § 216(b)

62. Mayo adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

63. On information and belief, other employees of Kat have been victimized by the FLSA violation(s) described above.

64. These employees are similarly situated to Mayo because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

65. Kat's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

66. Since Mayo's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

67. For these reasons, Mayo requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All workers employed by Kat during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid on a day-rate basis without overtime.

68. Kat and Harding are liable to Mayo and the putative class members for back wages equal to the difference between what it should have paid and what it actually paid.

69. Mayo has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

70. Mayo adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

71. Mayo is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

72. Mayo is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

73. Mayo has retained the professional services of the undersigned attorneys.

74. Mayo has complied with the conditions precedent to recovering attorney's fees and costs.

75. Mayo has incurred or may incur attorney's fees and costs in bringing this lawsuit.

76. The attorney's fees and costs incurred or that may be incurred by Mayo were or are reasonable and necessary.

77. Kat and Harding are liable to Mayo and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX. Relief Sought

78. Mayo demands the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

    b. an incentive award for Mayo for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

    c. judgment against Kat and Harding in Mayo's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

    d. all other relief and sums that may be adjudged against Kat and Harding in Mayo's favor both individually and on behalf the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: *Melissa Moore*
Melissa Moore
Tex. Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**


Of Counsel:

Renu Tandale
Tex. Bar No. 24107417
renu@mooreandassociates.net